# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MICHELLE RIOS RICE,

    Plaintiff,

v.                                                                                          No. 1:23-cv-01132

JOHN AND/OR JANES DOES 1-5,
PROGRESSIVE DIRECT INSURANCE COMPANY
and ENTITIES, CORPORATIONS, AND PARTNERSHIPS 1-5,

    Defendants.

## PROGRESSIVE'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Progressive Direct Insurance Company (Progressive), by and through its attorneys, Riley | Keller | Alderete | Gonzales (Courtenay L. Keller and Taryn M. Kaselonis), submits its Answer to Plaintiff's *Complaint for Personal Injuries and Damages* filed in the First Judicial District, County of Santa Fe, State of New Mexico on 10/27/23 and removed to this Court on 12/20/23 (Complaint) as follows:

## RESPONSE TO ALLEGATIONS

This Defendant responds to the allegations in the Complaint as follows:

1.    In response to paragraph 1, upon information and belief, this Defendant admits the address listed for its named insured on the policy at issue in this case is located in Santa Fe, Santa Fe County, New Mexico, but has insufficient information upon which to form a belief as to the truth of the remaining allegations, therefore, it is otherwise denied.

2. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 2 and it is denied.

3. In response to paragraph 3, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

4. In response to paragraph 4, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

5. In response to paragraph 5, this Defendant admits it is a non-resident insurance company authorized by the New Mexico Superintendent of Insurance to transact business in New Mexico. This paragraph is otherwise denied.

6. In response to paragraph 6, this Defendant admits it is a non-resident insurance company authorized by the New Mexico Superintendent of Insurance to transact business in New Mexico. This paragraph is otherwise denied.

7. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant

has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 7 and it is denied.

8. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 8 and it is denied.

9. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 9 and it is denied.

10. In response to paragraph 10, this Defendant admits the United States District Court for the District of New Mexico has jurisdiction over the parties and subject matter and that venue is proper in this District. This Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations stated in paragraph 10 and, therefore, denies same.

11. In response to paragraph 11, this Defendant admits the United States District Court for the District of New Mexico has jurisdiction over the parties and subject matter and that venue is proper in this District. This Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations stated in paragraph 11 and, therefore, denies same.

12. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 12 and it is denied.

13. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 13 and it is denied.

14. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 14 and it is denied.

15. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 15 and it is denied.

16. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 16 and it is denied.

17. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 17 and it is denied.

18. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 18 and it is denied.

19. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 19 and it is denied.

20. Paragraph 20 is mere surplusage to which no response is required.

21. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 21 and it is denied.

22. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 22 and it is denied.

23. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 23 and it is denied.

24. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 24 and it is denied.

25. The assertions in paragraph 25 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

26. The assertions in paragraph 26 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at

this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

27.     This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 27 and it is denied.

28.     This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 28 and it is denied.

29.     This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 29 and it is denied.

30.     Paragraph 30 is mere surplusage to which no response is required.

31.     This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 31 and it is denied.

32. The assertions in paragraph 32 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

33. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 33 and it is denied.

34. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 34 and it is denied.

35. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 35 and it is denied.

36. Paragraph 36 is mere surplusage to which no response is required.

37. In response to paragraph 37, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

38. In response to paragraph 38, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

39. In response to paragraph 39, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

40. In response to paragraph 40, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

41. In response to paragraph 41, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

42. In response to paragraph 42, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy. This Defendant further states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 42 and it is denied.

43. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 43 and it is denied.

44. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 44 and it is denied.

45. This Defendant denies the allegations in paragraph 45.

46. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 46 and it is denied.

47. The assertions in paragraph 47 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

48. In response to paragraph 48, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy. This Defendant further states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 48 and it is denied.

49. The assertions in paragraph 49 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the

truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

50. Paragraph 50 is mere surplusage to which no response is required.

51. In response to paragraph 51, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

52. In response to paragraph 52, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

53. In response to paragraph 53, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

54. In response to paragraph 54, this Defendant admits it issued a personal auto policy (No. 912710272) to its named insured Michelle Rice (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

55. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant

has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 55 and it is denied.

57. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 56 and it is denied.

57. This Defendant denies the allegations in paragraph 57.

58. This Defendant denies the allegations in paragraph 58.

59. This Defendant denies the allegations in paragraph 59.

60. The assertions in paragraph 60 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

## **AFFIRMATIVE AND OTHER ANTICIPATED DEFENSES**

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative fault.

3. Plaintiff's claims are barred, in whole or in part, insofar as the claimed injuries and damages were not caused by the auto accident that is the subject of the Complaint.

4. Plaintiff's claims are barred, in whole or in part, to the extent the claimed injuries and damages are the result of pre-existing conditions and/or subsequent injury.

5. Plaintiff's claims may be barred or reduced to the extent she fails or has failed to mitigate her damages.

6. Plaintiff's claim for policy benefits may be subject to reduction or offset for amounts paid under other coverages afforded in the subject policy or under bodily injury liability insurance coverage applicable at the time of the auto accident that is the subject of the Complaint.

7. This Defendant has not knowingly or intentionally waived any applicable defense or claim in this matter and reserves the right to amend and/or supplement its pleading and/or its defenses as discovery proceeds and insofar as independent investigation, legal research, and analysis by counsel for this Defendant reveals additional facts, adds meaning to known facts, leads to entirely new factual conclusions and legal contentions.

## **JURY DEMAND**

This Defendant hereby demands a 12-person jury.

Any allegation in the Complaint to which a sufficient response has not been made is hereby denied.

This Defendant reserves the right to amend its pleading to assert cross claims, counterclaims, and/or third-party claims.

WHEREFORE, Defendant Progressive having responded to Plaintiff's Complaint in full, respectfully requests that the Court enter an order of dismissal with prejudice, award its costs and fees as permitted by law, and grant such other and further relief as may be just and proper.

Respectfully submitted:

**RILEY | KELLER | ALDERETE | GONZALES**

By: */s/ Taryn M. Kaselonis*
    **COURTENAY L. KELLER**
    **TARYN M. KASELONIS**
    3880 Osuna Road NE
    Albuquerque, NM  87109
    (505) 883-5030
    ckeller@rileynmlaw.com
    tkaselonis@rileynmlaw.com
    *Attorneys for Progressive*

## CERTIFICATE OF SERVICE

  The undersigned certifies that on the 20th day of December, 2023, the foregoing was electronically filed through the CM/ECF filing system, causing counsel of record to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the same day to the following:

Linda J. Rios
Michael G. Solon
Rios Law Firm, P.C.
P.O. Box 3398
Albuquerque, NM  87190-3398
linda.rios@lrioslaw.com
michael.solon@lrioslaw.com


 */s/ Taryn M. Kaselonis*
**TARYN M. KASELONIS**