IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHELLE RIOS RICE,

      Plaintiff,

vs.                                                                       Civ. No. 23-1132 KWR/SCY

JOHN AND/OR JANES DOES 1-5,
PROGRESSIVE DIRECT INSURANCE
COMPANY and ENTITIES, CORPORATIONS,
AND PARTNERSHIPS 1-5,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court sua sponte, following its Order to Show Cause regarding failure to serve. Given Plaintiff's failure to identify and serve defendants "John And/Or Janes Does 1-5" and "Entities, Corporations, And Partnerships 1-5," I recommend dismissing them from this matter without prejudice.

Plaintiff filed her complaint in state court and Defendant Progressive Direct Insurance Company removed it to federal court on December 20, 2023. Doc. 1. The complaint also names as defendants "John And/Or Janes Does 1-5" and "Entities, Corporations, And Partnerships 1-5." Doc. 1-1 ¶¶ 7-8. The record does not reflect that these fictitious defendants have been identified or served. The Court entered an Order to Show Cause on September 17, 2024. Doc. 33. This Order advised Plaintiff that the deadline to identify and serve unknown defendants had expired. The Court also advised Plaintiff that a prerequisite to serving the John Does Defendants is amending the complaint to name them. *Id.* at 2; *see also Coe v. U.S. Dist. Ct. for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982) ("There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names . . . ."); *Watson v. Unipress, Inc.*,

733 F.2d 1386, 1388 (10th Cir. 1984) ("no federal statute or rule specifically countenances the naming of fictitious parties in a lawsuit"); *Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022) ("substituting a named defendant for an unnamed defendant requires amending the complaint"). The Court concluded:

> Accordingly, the Court hereby notifies Plaintiff that it will recommend dismissal without prejudice of the claims against the fictitious defendants for failure to serve, absent a showing of good cause to extend the deadline to move to amend the complaint to substitute the fictitious defendants as named parties and absent a showing of good cause for the failure to serve.

Doc. 33 at 2.

Plaintiff did not respond to the Order to Show Cause, and the deadline to timely to do has expired. There is no indication on the docket that Plaintiff has served the fictitious defendants. Likewise, Plaintiff has failed to move to amend the complaint to name them, and has not requested an extension of the service deadline.

Accordingly, I recommend that the Court dismiss without prejudice defendants "John And/Or Janes Does 1-5" and "Entities, Corporations, And Partnerships 1-5." Should Plaintiff later discover the identity of additional defendants, she may move to amend to add parties. Indeed, even if the fictitious defendants were not dismissed, Plaintiff would have to move to amend the complaint to substitute the real party for the fictitious defendants. *Seale*, 32 F.4th at 1031.

Steven C. Yarbrough
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**